ANDRÉS POL SERRANO, Plaintiff and Appellee, *v.* SUAU, FIOL & Co., Defendant and Appellant.

No. 5957.    Argued April 22, 1932.—Decided November 23, 1932.

68

*José D. Rodríguez* for appellant.   *L. Mercader* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

In a suit to recover or retain the possession of real estate, the District Court of Aguadilla decided in favor of the complainant.   On appeal we find that the court had the right to believe from the evidence that to protect a refaction credit, the defendant through its agent, took possession of the land in question; that Pedro Miranda was the agent of the defendant and interfered seriously with the use of the land by the plaintiff; that the plaintiff was deprived of the material possesion of the property or important parts thereof.

The first assignment of error is in effect that the court rendered judgment without sufficient proof to justify its action.   The principal question in the case was, from our standpoint, whether Pedro Miranda was in fact the agent of the defendant.   The appellant maintains that of the four witnesses of the plaintiff who testified, only one of them gave testimony tending to show that he knew or was aware of the facts.   Nevertheless, we find in the testimony of at least two other witnesses statements that Pedro Miranda penetrated into the property of the plaintiff as agent of the defendant. To be sure, these witnesses had no direct knowledge that Pedro Miranda came as an agent of the defendant, but they

testified without objection that he was such agent, and at least one of them said that Miranda himself declared that he came in that capacity. The testimony of these witnesses, conjoined with the testimony of Miranda himself, tended directly and circumstantially to show that Pedro Miranda was the agent of the defendant.

The witnesses of the plaintiff testified to violent acts on the part of the alleged agent of the defendant. These acts were testified to by the son of the plaintiff, to say nothing of other persons. It is a well-settled principle of law that the court is entitled to believe the testimony of a single witness, but, as we find here, the witness was supported by the rest of the evidence.

Defendant maintained that Miranda was not its agent but of the plaintiff himself, and introduced evidence in the form of a letter and payrolls signed by the plaintiff. It may be conceded that this was evidence tending to show that Miranda was on the property at the instance of the plaintiff, but it is also consistent with the theory that Miranda and the plaintiff got together to issue the payrolls in the usual form as orders on the defendant firm to pay certain money. It is not necessary, furthermore, that plaintiff's acts should be entirely consistent if in fact his actual possession was disturbed by the agent of the defendant.

We agree with the appellee that a certain Matías Suau was not in the actual possession of the property of the plaintiff. The said Matías Suau, as he was allowed to testify, did buy the land of the plaintiff. He was a managing partner of the defendant, but apparently had no direct intervention in any of the acts of Miranda. This idea of the material possession flowed, as suggested by appellee, from words in the deed of purchase.

Acts committed after the filing of the complaint, in the absence of objection, might be considered by the court. It makes no difference that the title of the property had passed

to Matías Suau. This disposes of the third assignment of error.

The burden of proof was on the defendant to show a material possession in favor of Matías Suau. This disposes of the fourth assignment of error and incidentally of the seventh, relative to the failure to admit the deed of sale.

The failure to produce a material witness, even if it is a suppression of evidence, goes only to the weight of the whole evidence. This we have discussed in *Banco Territorial y Agrícola* v. *Vergne et al.,* 43 P.R.R. ——.*

The other alleged errors were either a repetition or harmless.

The judgment should be affirmed.

---

* NOTE: See Preface of this volume.